## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-20058-JAR |
| | ) | |
| | ) | |
| DEVRONN H. SPORTSMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR
## RELEASE PURSUANT TO §3142(i)

This matter comes before the Court on the Memorandum of Law in Support of

Defendant's Motion for Release Pursuant to §3142(i) (Doc. 24) (the "Motion"). On October 3,

2019, the Court ordered Defendant detained pending trial, and he has been in custody since that

time. The Defendant now seeks release because of alleged risks associated with his confinement

during the current global COVID-19 pandemic. The Court has considered the Motion and the

record in this case[1] and, for the reasons discussed below, denies Defendant's request for relief.

### PROCEDURAL AND FACTUAL BACKGROUND

Defendant was indicted in this case on a charge of knowing and unlawful possession of a

firearm, after having previously been convicted of possession of cocaine and possession of a

firearm in two prior Wyandotte County, Kansas District Court cases and of two counts of felon

in possession in a prior case before the United States District Court for the District of Kansas

(Doc. 1). Following his arrest, the Court conducted a detention hearing, on October 3, 2019, and

---

[1] The Court previously entered an order suspending briefing on the Motion pending further order of the Court (Doc. 26). Plaintiff United States of America therefore has not filed a response.

ordered the Defendant detained pending trial (Doc. 8). Since that time Defendant has been detained at the Leavenworth Detention Facility operated by CoreCivic, which is located in Leavenworth, Kansas. On April 15, 2020, Defendant filed the instant Motion for release pending trial (Doc. 24), contending he should be released because of the COVID-19 pandemic.

## ANALYSIS[2]

The Defendant argues that his confinement places him in close proximity to a large number of inmates, guards and other staff, and this group of individuals is diverse and constantly changing. He stresses the rapid spread of COVID-19 throughout the United States, including in Kansas, and he argues that CoreCivic has not taken necessary precautions to protect him and other inmates from contracting COVID-19.  He asserts that "the Attorney General has ordered review, with an eye toward release with appropriate conditions, of convicted felons serving sentences in the custody of the Bureau of Prisons, because of the danger posed by the COVID-19 pandemic." And, he reminds the Court that he is presumed innocent, while noting he should be afforded the same protections and relief as convicted felons.

The Court makes the following observations, which will be amplified in its legal analysis under 18 U.S.C.§ 3142(i), *infra*.  In essence, Defendant's argument is that his present status in custody poses a serious physical threat to him because of the current COVID-19 pandemic and the lack of opportunity for social distancing at CoreCivic. The court is sympathetic to his concerns, but Defendant is not alone. COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. This Court has previously taken judicial notice of the rapid spread and effects of COVID-19 in the United States and

---

[2] Because of the time-sensitive nature of the relief requested and in light of Administrative Order No. 2020-3, the Court enters this Memorandum and Order without holding a hearing on the Motion. *See also, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020).

worldwide.[3] However, Defendant has not shown any compelling reason that his release is necessary. He does not allege any medical problem or condition that places him at risk, or that CoreCivic is unable to properly care for him.  Furthermore, the Court previously found in this case that there was no condition or combination of conditions of Defendant's release that would reasonably assure the safety of other persons and the community, and that would reasonably assure Defendant's appearance as required. Additionally, Defendant has not proposed an adequate release plan. Under all of these circumstances, Defendant's release would likely increase the risk of harm resulting from COVID-19, or otherwise, to the Defendant or others. On its face, the Motion fails to support Defendant's request for temporary release from custody.

Specifically, Defendant seeks temporary release pursuant to 18 U.S.C. § 3142(i) based upon the change of circumstances resulting from the COVID-19 pandemic.[4] Section 3142(i), a provision of the Bail Reform Act, states in relevant part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be *necessary* for preparation of the person's defense or *for another compelling reason*.

18 U.S.C. § 3142(i) (emphasis added). The defendant bears the burden of proof under § 3142(i). *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) (citing *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases)). Thus, the Defendant would be entitled to temporary release only if he could prove it necessary for preparation of his defense or for another compelling reason.

---

[3] *See United States v. Brown,* No. 08-cr-20115, 2020 WL 1536544, at *2 (D. Kan. Mar. 31, 2020).

[4] The Motion is not styled as a motion for reconsideration of the detention order in this case, nor does Defendant dispute the findings in the detention order. Accordingly, the Court does not consider the Motion as a request for reconsideration.

Defendant does not contend that his temporary release is necessary under the first prong of § 3142(i), so that he can adequately prepare his defense. The Court will therefore evaluate Defendant's Motion under the second prong of § 3142(i), whether Defendant's release is "necessary . . . for another compelling reason."

There is limited authority regarding when temporary release is justified under this provision of the statute, although a defendant's medical condition may present the compelling reason in the appropriate case. *See United States v. Sanders*, No. 19-20037-01-DDC, 2020 WL 1528621 at *4 (D. Kan. March 31, 2020); *Clark* at *4 (citing *United States v. Rebollo-Andino*, 312 Fed. App'x 346, 348 (1st Cir. 2009) (defendant could seek temporary release under § 3142(i) for medical reasons)). However, "[c]ourts have typically granted relief under § 3142(i) only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" *Clark* at *4 (quoting *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (summarizing cases)). In the context of the COVID-19 pandemic, when there is no indication the defendant is currently ill from his chronic medical condition(s) or that the detention facility is unable to care for him or her, relief has been denied under § 3142(i). *See United States v. Macias,* Case No. 16-20008-04-JAR, 2020 WL 1819891, at *2 (D. Kan. April 9, 2020), *United States v. Lewis,* Case No. 20-10028-11-EFM, 2020 U.S. Dist. LEXIS 56639, at *8 (D. Kan. March 30, 2020), *United States v. Walker*, No. 20-10028-20-EFM, 2020 WL 1545714, at *3 (D. Kan. March 30, 2020)

Magistrate Judge Angel D. Mitchell addressed this issue recently in her well-reasoned Order in *Clark, supra*. There, Judge Mitchell considered four factors to determine whether the defendant met his burden to show a "compelling reason" for temporary release pursuant to § 3142(i): (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the

defendant's COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Clark, supra* at *4. This Court adopts and applies Judge Mitchell's four-factor analysis here.

### 1. Original grounds for detention

Defendant was indicted in this case on a charge of knowing and unlawful possession of a firearm, after prior convictions of possession of cocaine and possession of a firearm in two prior State court cases and of two counts of felon in possession in a prior federal case in the District of Kansas. The Pretrial Services Report on Defendant reflected a lengthy criminal history, spanning more than fifteen years, including prior guilty pleas or convictions for battery of a law enforcement officer, criminal possession of a firearm, felon in possession of a firearm, possession of marijuana and drug paraphernalia, and possession of cocaine. In addition, the Pretrial Services Report reflected multiple failures to appear and probation violations, a history of multiple positive drug tests, as well as several outstanding warrants for Defendant's arrest. The Report also noted that Defendant stated during his interview with the assigned probation officer that he was supposed to be attending an outpatient substance abuse treatment program at the time of his arrest, but he had recently stopped attending. According to United States Probation Office records, Defendant had also missed several appointments for drug testing. The assigned probation officer recommended that Defendant be detained. At the conclusion of the detention hearing, the Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of

conditions would reasonably assure Defendant's attendance as required. Defendant was therefore ordered detained pending trial.

This factor weighs very heavily against Defendant's request for temporary release. Defendant's current charges and lengthy criminal record demonstrate that the Defendant would pose a serious danger to others and the community, and that he would pose a significant flight risk, if he were released from custody as requested in the Motion.

### 2.   Specificity of Defendant's COVID-19 concerns

To support his request for release, Defendant relies primarily upon the recent spread of the coronavirus that causes COVID-19 and the effects of the pandemic across the United States and around the world.[5] Defendant also argues that he is at heightened risk of contracting COVID-19 because of the lack of social distancing at CoreCivic. But Defendant makes no argument that he is currently ill, that he has a medical condition that puts him at risk, or that CoreCivic is unable to care for him. Indeed, the Pretrial Services Report indicates that at the time of Defendant's detention hearing he was in excellent physical health with no known medical problems.

Defendant cites historical understaffing issues at CoreCivic, claims the facility has failed to take appropriate precautions to prevent the occurrence or spread of COVID-1, and asserts conditions at CoreCivic will only get worse. However, the Court finds that current, more recent information indicates CoreCivic has undertaken significant steps to manage COVID-19 risks, and significant protections and precautions have been implemented. *See*

https://www.corecivic.com/hubfs/_files/CoreCivic%20Response%20to%20COVID-1.pdf and

---

[5] The Court has already taken judicial notice of the spread and wide-ranging effects of the COVID-19 pandemic. *See United States v. Brown,* No. 08-cr-20115, 2020 WL 1536544, at *2 (D. Kan. Mar. 31, 2020), and *United States v. Lewis,* No. 20-10028-11-EFM, 2020 U.S. Dist. LEXIS 56639, at *4 (D. Kan. March 30, 2020).

*Clark, supra* at *10–11. Further, Defendant does not indicate that he is aware of any known cases of COVID-19 at CoreCivic. Defendant's alleged concerns regarding his risks of contracting COVID-19 at CoreCivic are general, not specific, and speculative. *See United States v. Roderick Sanders*, No. 19-20037-01-DDC, 2020 WL 1528621, at* 4 (D. Kan. Mar. 31, 2020) (finding general and speculative fears of COVID-19 insufficient to support request for temporary release). This factor weighs against Defendant's request for temporary release.

### 3. and 4. Extent to Which the Proposed Release Plan is Tailored to Mitigate or Exacerbate Defendant's Overall COVID-19 Risks and Likelihood the Release Plan Would Increase COVID-19 Risks to Others

Defendant's proposed release plan is that he be placed on home detention and home incarceration with GPS monitoring, at his mother's home in Kansas City, Kansas. But those proposed arrangements are unverified, we know nothing regarding his mother's health condition or who else Defendant might come in contact with at her residence. Although Defendant expresses grave concerns that he will come in contact with COVID-19 while confined at CoreCivic (where there are currently no known cases of the virus), there is nothing to show that he is proposing a safer alternative. Moreover, given Defendant's record of noncompliance in the past, the Court has no confidence that it could craft a release plan that would be effective. Releasing Defendant into the general population, where there are many people infected with the disease, would in all likelihood significantly increase Defendant's COVID-19 risks. Additionally, GPS monitoring and other stiff conditions the Court would necessarily have to impose in an attempt to protect other persons and the community if it were to release Defendant would very likely increase COVID-19 risks to others. "A defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services

officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, *supra* at *14. *See also United States v. Roderick*, No. 19-20037-01-DDC, 2020 WL 1528621, at *5 (finding that location monitoring would pose a risk to pretrial services personnel given current recommendations regarding social distancing).  These factors weigh heavily against Defendant's temporary release.

## CONCLUSION

The Court finds that all four factors of the four-factor analysis discussed above weigh against Defendant's request for temporary release. The Court's earlier findings that there is no condition or combination of conditions of Defendant's release that would reasonably assure the safety of others or the community or that would reasonably assure Defendant's appearance as required, stand. Those risks great outweigh Defendant's speculative concerns of contracting the virus caused by COVID-19 at CoreCivic.  The Court therefore finds that Defendant's Motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 24), requesting his release pursuant to 18 U.S.C.§ 3142(i), is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2020 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge