IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DEVRONN H. SPORTSMAN,

    Defendant.

Case No. 19-20058-01-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Devronn H. Sportsman's *pro se* "Motion to Suppress Franks Hearing" (Doc. 21). The matter is fully briefed, and the Court has reviewed the evidence and arguments submitted by both parties. The Court is prepared to rule. For the reasons described below, Defendant's motion is denied.

### I.    Background

On August 31, 2019, two police officers—Officers Kelley and Faulkner—were responding to a "shots fired" call. The caller stated the shots came from the area east of 43rd Street, between Waverly Avenue and Parallel Parkway in Kansas City, Kansas. While the officers were searching that area, they observed a silver Hyundai Sonata with temporary license plate tags. The vehicle had damage on the front and driver's side wheel. The officers ran the temporary tag numbers through dispatch and learned the tags were expired. The officers then approached the vehicle, which was still running with keys in the ignition. Defendant was in the driver's seat apparently asleep. Officer Kelley woke Defendant by giving multiple verbal commands. Once awake, Defendant turned the key multiple times and tried to put the vehicle into gear. Following multiple verbal commands, Defendant pulled the key out of the ignition.

Officer Kelley spoke with Defendant and requested identification, which Defendant provided. Dispatch informed the officers that Defendant had ten warrants out of Kansas City, Kansas, that Defendant had felony convictions, and that Defendant appeared to be on federal probation. The officers repeatedly asked Defendant to exit the vehicle, and he eventually complied. Prior to exiting the vehicle, the officers noticed Defendant feeling around his waistband area. The officers then conducted a search incident to arrest and recovered a loaded black handgun from Defendant's waistband and a bag containing a white, rock-like substance and green pills. The officers transported Defendant to the Wyandotte County Detention Center.

Detective Seal, who was not present during the search or arrest, tested the substances the follow day. The white substance tested presumptively positive for cocaine, and the green pills tested presumptively positive for ecstasy and methamphetamine. Detective Seal also reviewed Defendant's convictions and determined Defendant was prohibited from possessing any firearm. Based on this information and information from the arresting officers, Detective Seal prepared an affidavit for an application for an arrest warrant. An assistant district attorney prepared an information detailing three counts against Defendant. Both the affidavit and the information were presented to a judge in Wyandotte County, Kansas, who issued a warrant for Defendant's arrest.

Defendant was charged in Wyandotte County District Court on September 2, 2019 for: (1) criminal possession of a firearm, (2) possession of opiates, and (3) possession of a hallucinogenic drug. Defendant appeared on those charges. On September 25, 2019, a federal indictment was brought against Defendant for felon in possession of a firearm. The three charges from Wyandotte County were dismissed on September 26, 2019.

**II.     Discussion**

Defendant moves for a *Franks* hearing.[1] He argues "that the affidavit contained fabricated statements made in the report as to the stated incident that took place on August 31, 2019."[2] The basis for Defendant's conclusion is that Detective Seal authored the arrest warrant but was not actually present when Defendant was arrested. Defendant complains that Detective Seal "never investigated the crime scene nor, did detective A Seal bear [any] factual knowledge as to the commission of the alleged crime dispatched to Officer Kelley, and Faulkner."[3]

In *Franks v. Delaware*, the Supreme Court of the United States held that a search warrant based on an affidavit that includes knowing and intentionally false statements, or statements made with reckless disregard for the truth, may void the warrant.[4] Upon a showing of falsity by a preponderance of the evidence, the reviewing court is to set aside the false material and hold a hearing to determine whether the remaining information supports probable cause to believe evidence of the crime would be found at the place to be searched.[5] The standards and processes set out in *Franks* also apply to alleged material omissions.[6]

To obtain an evidentiary hearing under *Franks*, a defendant's "attack must be more than conclusory and must be supported by more than a desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations

---

[1] Although Defendant's motion is titled "Motion to Suppress Franks Hearing," the only relief requested in the body of the motion is for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

[2] Doc. 21 at 2.

[3] *Id.* at 3 (errors in original).

[4] *Franks*, 438 U.S. at 155–56.

[5] *Id.*

[6] *United States v. Knittel*, 462 F. App'x 844, 847 (10th Cir. 2012) (citing *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997)).

must be accompanied by proof."[7]  Negligent inaccuracies are not sufficient to show falsity as required by *Franks*.[8]

Here, evidence against Defendant was not obtained through a search warrant.  Rather, Officers Kelley and Faulkner conducted a search incident to arrest, the validity of which Defendant does not challenge.  *Franks* therefore does not apply.  But even if *Franks* did apply to probable cause affidavits, Defendant has failed to identify with the requisite particularity what statements in Detective Seal's affidavit he believes were intentionally false or made with reckless disregard for the truth.  Defendant's motion is not accompanied by any proof attacking the veracity of the affidavit.  Accordingly, Defendant is not entitled to the relief he requests.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's motion (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 14, 2020

                                                     S/ Julie A. Robinson
                                                     JULIE A. ROBINSON
                                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *Franks*, 438 U.S. at 172.

[8] *United States v. Ross*, 920 F.3d 1530, 1534 (10th Cir. 1990).