# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cr-20058-JAR |
| | ) | |
| | ) | |
| DEVRONN H. SPORTSMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION

This matter comes before the Court on Defendant Sportsman's *pro se* Motion for Reconsideration (ECF No. 30). On October 3, 2019, the Court ordered Defendant detained pending trial, and he has been in custody since that time. On April 15, 2020, Defendant filed a motion seeking temporary release because of alleged risks associated with his confinement during the current global COVID-19 pandemic (ECF No. 24) (the "Motion for Release"). On April 17, 2020, the undersigned Magistrate Judge denied the Motion for Release (ECF No. 27), and Defendant now seeks reconsideration of the April 17 order. The Court has considered Defendant's motion[1] and, for the reasons discussed below, denies Defendant's request for reconsideration.

### Procedural and Factual Background

Defendant was indicted in this case on a charge of knowing and unlawful possession of a firearm, after having been convicted of possession of cocaine and possession of a firearm in two

---

[1] The Court suspended briefing on this Motion pending further order (ECF No. 32). Plaintiff United States of America therefore has not filed a response.

prior Wyandotte County, Kansas District Court cases, and of two counts of felon in possession in a prior case before the United States District Court for the District of Kansas (ECF No. 1). Following his arrest, the Court conducted a detention hearing on October 3, 2019, and ordered Defendant detained pending trial (ECF No. 8). Since that time, Defendant has been detained at the Detention Facility operated by CoreCivic, in Leavenworth, Kansas. On April 15, 2020, Defendant filed the Motion for Release (ECF No. 24), seeking temporary release to home detention with monitoring to remove him from the danger of contracting COVID-19 at CoreCivic. The Court denied the motion on April 17, 2020 (ECF No. 27), and Defendant filed this motion for reconsideration on May 11, 2020.[2]

## Legal Analysis

A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). *See United States v. Dermen*, No. 20-4000, 2020 WL 1027785, at *3 (10th Cir. Mar. 3, 2020). Defendant does not specifically seek reopening of his detention hearing, but instead asks the Court to reconsider its denial of the Motion for Release in which he sought temporary release to avoid contracting COVID-19. His request for reconsideration does not propose any conditions of release beyond that contained in the Motion for Release. The Court therefore does not construe the instant motion as one to reopen the detention hearing.

---

[2] In its order denying Defendant's motion for temporary release, the Court noted that the motion was "not styled as a motion for reconsideration of the detention order in this case, nor does Defendant dispute the findings in the detention order. Accordingly, the Court does not consider the Motion as a request for reconsideration."

Instead, the Court must determine whether a motion to reconsider is a proper motion. "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Stated generally, a court may grant reconsideration when it has misapprehended the facts, a party's position, or the law. *Id.* Specific grounds for granting reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*[3] However, a motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.; see also United States v. Miller*, No. 06-40151-JAR, 2008 WL 2783146, at *2 (D. Kan. July 18, 2008) (motion to reconsider not appropriate if movant wants to rehash old arguments or present new arguments and facts that could have been presented initially).

In the Motion for Release, Defendant argued that his confinement placed him in a congregant environment, in close proximity to a large number of inmates, guards and other staff, where the coronavirus caused by COVID-19 is more likely to spread. He pointed out that the World Health Organization (WHO) officially classified COVID-19 as a pandemic. He stressed the rapid spread of COVID-19 throughout the United States, including in Kansas, and argued CoreCivic has not taken necessary precautions to protect him and other inmates from contracting COVID-19. He argued that his confinement at CoreCivic places him at heightened risk of contracting the virus, and he proposed that the Court release him to home detention with his mother.

---

[3] Cases from this District have considered these same grounds for determining whether to grant reconsideration in civil cases. *See, e.g., Zhou v. Pittsburg State University,* 252 F. Supp. 2d 1194, 1199 (D. Kan. 2003); *Butler v. Boeing Co.*, 175 F. Supp. 2d 1307, 1308 (D. Kan. 2001).

In the order denying the Motion for Release, the Court recognized that COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. However, the Court concluded that all four factors of its four-factor analysis under 18 U.S.C. § 3142(i) weighed against, or heavily against, Defendant's release. The Court found Defendant made no argument that he was currently ill, that he had a medical condition that put him at risk, or that CoreCivic was unable to properly care for him. The Court concluded that Defendant's alleged concerns regarding his risks of contracting COVID-19 at CoreCivic were not specific but rather general and speculative. Furthermore, the Court referenced the findings in its Order of Detention (ECF No. 8) that no condition or combination of conditions of Defendant's release would reasonably assure the safety of other persons and the community, or reasonably assure Defendant's appearance as required, and the Court found that Defendant's proposed temporary release plan would not provide those assurances. Moreover, releasing Defendant from CoreCivic (where there are currently no known cases of the virus) into the general population, where there are many people infected with the disease, would in all likelihood significantly increase Defendant's COVID-19 risks. In addition, Defendant's release subject to stringent conditions would very likely increase COVID-19 risks to others.

In the instant motion for reconsideration, Defendant contends the Court's order denying his Motion for Release is "predicated on several discrepancies relating to the seriousness of the coronavirus, and COVID-19." He asserts that employees and detainees at CoreCivic are not being tested for the virus and he claims that the administration at CoreCivic refuses to determine the physical health of each of the hundreds of its employees who enter the facility each day. He cites the major destruction caused by the disease throughout the world and the impact especially

upon state and federal holding facilities, including specifically the Kansas State Prison in Lansing, located within several miles of the CoreCivic facility where Defendant is held. He asserts that the Governor of Illinois has ordered the release of over 2000 inmates based on the seriousness of the pandemic. He states that the World Health Organization classified COVID-19 as a pandemic in a March 11, 2020 statement. Again, he proposes a release plan of home detention with his mother.

In its order denying the Motion for Release, the Court neither misapprehended the facts, Defendant's position, nor the law. Defendant's motion for reconsideration is based upon the world-wide rapidly spreading COVID-19 pandemic, the risk of especially rapid spread of the coronavirus in congregant environments such as detention facilities, and his assertion that CoreCivic is not testing its employees and detainees for the virus. Defendant is revisiting issues already addressed, rehashing old arguments and, with regard to alleged lack of testing, advancing an argument that could have been raised earlier. Defendant does not raise any of the three specific grounds for reconsideration, namely:

First, he does not assert any intervening change in controlling law.

Second, his stated concerns regarding the rapidly spreading COVID-19 pandemic and the risks associated with the congregant environment he resides in at CoreCivic are not new evidence previously unavailable to Defendant. In fact, as support for the request for reconsideration, Defendant cites articles and cases from March 2020, published before Defendant filed the Motion for Release. He also cites in his request for reconsideration the same WHO statement, dated March 11, 2020, classifying COVID-19 as a pandemic that he cited in the Motion for Release. None of this is new evidence that was unavailable to Defendant when he filed the Motion for Release. Moreover, the Court considered and expressly noted in its order

denying Defendant's release the rapid spread of COVID-19, and took judicial notice of the effects of the pandemic.

Defendant does assert for the first time that employees and detainees at CoreCivic are not being tested for COVID-19. Even presuming the accuracy of Defendant's unsubstantiated assertion for purposes of considering the motion for reconsideration, there is no indication this is new information previously unavailable to Defendant when he filed the Motion for Release. Moreover, Defendant argued in the Motion for Release that CoreCivic had not taken necessary precautions to protect him and other inmates from contracting COVID-19. The Court considered this argument and found that Defendant had made no argument he was currently ill, that he had a medical condition that put him at risk, or that CoreCivic was unable to properly care for him. The Court concluded that Defendant's alleged concerns regarding his risks of contracting COVID-19 at CoreCivic were not specific but rather general and speculative.

The arguments in Defendant's motion for reconsideration are similarly general and speculative. In its order denying Defendant's Motion for Release, the Court reiterated the conclusion from its detention order that no condition(s) of Defendant's release would reasonably assure the safety of other persons and the community or reasonably assure Defendant's appearance as required, and the Court found Defendant's proposed release plan inadequate. Defendant proposes the same release plan (home detention with his mother) in his motion for reconsideration, but offers no basis to support a finding that his plan would reasonably assure the safety of other persons and the community, or reasonably assure his appearance as required.

Finally, there is no need for the Court to grant reconsideration to correct clear error or prevent manifest injustice. As noted, in its order denying Defendant's Motion for Release, the Court found that all four factors of its analysis weighed in favor, or heavily in favor, of denying

Defendant's request for release. That decision was not a close call. In his motion for reconsideration, Defendant raises no allegation of clear error, nor does he address manifest injustice. The Court finds no clear error in its earlier ruling and reconsideration is not necessary to prevent manifest injustice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of the order denying his Motion for Release (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of May, 2020 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge